

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00016-CR
No. 07-24-00017-CR

**JOHN ARNOLD RAMZY, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 47th District Court
Potter County, Texas
Trial Court Nos. 082200-A-CR, 082199-A-CR, Honorable Dee Johnson, Presiding

November 25, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, John Arnold Ramzy, appeals from the trial court's judgments finding him guilty of aggravated assault with a deadly weapon[1] and unlawful possession of a firearm by a felon.[2]  He was sentenced to ninety years' incarceration for the aggravated assault

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2).

[2] *See* TEX. PENAL CODE ANN. § 46.04(a)(2).

conviction and forty years for the unlawful possession conviction.[3]  Appellant's court-appointed appellate counsel filed motions to withdraw supported by *Anders*[4] briefs.  We grant counsel's motions and affirm the judgments of the trial court.

In support of the motion to withdraw, counsel has certified to having conducted a conscientious examination of the record and opines that the record reflects no reversible error upon which an appeal can be predicated.  *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, the record presents no reversible error.  In a letter to Appellant, counsel notified him of the motion to withdraw; provided him with a copy of the motion, *Anders* brief, and the appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief.  Appellant has not filed a response.  The State has not filed a brief.

Counsel's *Anders* brief discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous.  We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such

---

[3] The punishment range for both of these convictions was enhanced because Appellant had been finally convicted of two prior felonies.  *See* TEX. PENAL CODE ANN. § 12.42.

[4] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

2

issues.  *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  Following our careful review of the appellate record and counsel's brief, we conclude that there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

Accordingly, we grant counsel's motions to withdraw and affirm the trial court's judgments.[5]

Judy C. Parker
Justice

Do not publish.

---

[5] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *In re Schulman*, 252 S.W.3d at 411 n.33.